UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEXANDER JAMES YAMAMOTO-CASTILLO, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 1:24-cv-01364-SEB-KMB |
| AMERICAN EXPRESS COMPANY, ) ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Alexander James Yamamoto-Castillo, proceeding *pro se*, has brought this breach of contract action against Defendant American Express National Bank, incorrectly named as American Express Company, based on Defendant's failure to accept the payment coupon portion of Plaintiff's credit card bill—on which he had handwritten various phrases such as "accepted for deposit" and "pay to order of bearer"—as legal tender to pay that bill.  Now before the Court is Defendant's Motion to Dismiss for insufficient process [Dkt. 13].  For the reasons set forth below, Defendant's motion to dismiss is GRANTED and the case is dismissed without prejudice for insufficient service and service of process.  All other pending motions are DENIED AS MOOT.

**Factual Background**

Plaintiff initiated this action by filing his complaint on May 29, 2024, in Monroe Circuit Court in Bloomington, Indiana.  The Monroe County Clerk's Office sent, via USPS Certified Mail, copies of the "Complaint with Exhibits, Motion for Fee Waiver and

1

Order for Fee Waiver" to: American Express Company, 200 Vesey Street, Floor 50, New York City, NY 10285. The tracking information for that mailing indicates that it was "Delivered, Individual Picked Up at Postal Facility" on June 4, 2024. There is no indication that any summons was included in that mailing and the state court's docket sheet does not indicate that a summons was ever issued.

Defendant removed the action to this court on August 9, 2024, on the basis of diversity jurisdiction. In its removal notice, Defendant noted that no summons had been issued and reserved its right to assert various defenses, including for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. On September 13, 2024, Defendant filed the instant motion to dismiss on the grounds that Plaintiff has failed to properly effectuate service and service of process by failing to serve a summons at all and by failing to serve the complaint on an executive officer or agent authorized to receive service on behalf of Defendant as required by Indiana law. Following the filing of Defendant's motion to dismiss, Plaintiff tendered a summons which was issued by the Court, but no proof of service of the summons has been filed.

## Legal Analysis

Defendant argues that it was not properly served by Plaintiff prior to removal of this case, nor has Plaintiff acted to perfect service after removal. Accordingly, Defendant seeks dismissal of this action without prejudice for lack of service and service of process.

"The Federal Rules of Civil Procedure govern all procedural issues after removal, including service of process on unserved or improperly served defendants. … However, the sufficiency of service of process prior to removal is determined by state law." *Rucker*

*v. Waukesha Cnty. Jail*, No. 22-CV-248-JPS, 2022 WL 17092157, at *3 (E.D. Wis. Nov. 21, 2022) (quoting 1 MOORE'S ANSWER GUIDE: FED. CIVIL MOTION PRACTICE § 4.30 (internal citations omitted). Under Indiana law, "a civil proceeding is not 'commenced' unless a copy of the summons is furnished to the court clerk along with the complaint." *Matter v. Ar.M.-T.*, No. 23A-JC-3098, 2024 WL 3024734, at *4 (Ind. Ct. App. June 17, 2024) (quoting Indiana Trial Rule 3). "Trial Rule 4(A), (B), and (E) also require such a filing of the summons. Trial Rule 4(C) specifies what the summons must contain, and Trial Rule 4.15 requires the filing of a return as proof of service." *Id.* Here, there is no evidence that a summons was ever issued or served on Defendant prior to removal.

Nor is there evidence that Plaintiff properly served Defendant with the complaint under Indiana law. Indiana law provides that service upon an organization may be made "[i]n the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed to receive service, then upon such agent." Ind. R. Trial P. 4.6(A). "Executive officer[s]" of an organization include "the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder." Ind. R. Trial P. 83(2). The Indiana Trial Rules further provide that service under Rule 4.6(A) "shall be made on the proper person in the manner provided by these rules for service upon individuals…." Ind. R. Trial P. 4.6(B).

In this case, the papers sent by the Monroe County Clerk's Office were directed to the business address of "American Express Company" generally, rather than to "an executive officer" or an "agent" as required by Rule 4.6(A). Courts applying Indiana law

3

have held that service is defective when the summons and complaint are directed to only the organization and not the organization's executive officer or agent. *See Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 660 (Ind. Ct. App. 2001) (finding service inadequate where the summons and other documents were addressed only to the organization, not "to any specific person"); *Cable v. Kuraray Am. Inc.*, No. 3:22-CV-1031-DRL-MGG, 2023 WL 4156690, at *6 (N.D. Ind. June 22, 2023) ("[A] plaintiff must secure service on a corporation through an authorized individual. Service addressed merely to a corporate entity (not an individual identified in the applicable rules of service) is defective."); *Yashar'al v. City of Indianapolis*, No. 1:20-cv-02988-SEB-MPB, 2022 WL 1781860, at *3 (S.D. Ind. June 1, 2022) (granting motion to dismiss for lack of service because "Indiana law requires that service [on an organization] be made 'on the proper person' and it is not clear here whether [the plaintiff] addressed the envelope containing the summons and complaint to any specific person, much less 'the proper person'"). Accordingly, Plaintiffs' service and service of process upon Defendant in state court was inadequate.

There is also no evidence that Plaintiff has addressed these deficiencies in service and service of process following removal to this court. Under Federal Rule of Civil Procedure 4(h)(1), service of process on corporations is properly effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Service of process on a corporation may also be effected by "following state law for serving a summons … in the state where the district court is located or

4

where service is made." *Id.* (citing Fed. R. Civ. P. 4(e)(1)).  Despite being made aware, as early as August 9, 2024, when Defendant first raised the issue of a lack of summons in its notice of removal, Plaintiff has failed to take steps to ensure the summons and other documents are properly served on Defendant.  Following the filing of Defendant's motion to dismiss on September 13, 2024, which motion again raised the deficiencies in service and service of process, Plaintiff did submit a proposed summons which was issued by this court on October 24, 2024, but no return of service has been filed.  Nor is there evidence that the summons and complaint have been served on an executive officer or agent of Defendant.

The Court cannot exercise personal jurisdiction over a defendant, even if the defendant has actual notice of the lawsuit, unless the procedural requirement of service of process is satisfied.  *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) ("Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4.").  Where, as here, "a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added).  "Good cause" is not defined in Rule 4 and instead is left to the discretion of the court.  *See id.*

Here, Plaintiff seeks additional time to perfect service because he did not know that he was required to serve a summons.  However, as discussed above, despite being made aware of that fact at least as early as August 9, 2024, when Defendant noted the

5

issue in its notice of removal and being put on notice again on September 13, 2024, when Defendant filed its motion to dismiss for lack of service and service of process, Plaintiff still has not taken action to perfect service.  Based on these facts, we find a lack of good cause for the failed service and service of process.  Since it is a matter within our discretion whether either to extend the period of time to effect proper service or to dismiss without prejudice Plaintiff's complaint for lack of service and service of process, we view the dismissal without prejudice as the better option.  In exercising such discretion, the Federal Rules of Civil Procedure note that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.  Dismissing Plaintiff's complaint without prejudice will not foreclose a filing of this lawsuit based on the statute of limitations governing his contract claims.

Accordingly, we <u>GRANT</u> Defendant's motion to dismiss without prejudice [Dkt. 13] for lack of service and service of process.    All other currently pending motions are <u>DENIED AS MOOT</u>.  Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date:   4/29/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALEXANDER JAMES YAMAMOTO-CASTILLO
PO Box 56
Bloomington, IN 47402

James M. Hinshaw
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
james.hinshaw@dentons.com

Adam Hoock
Steptoe LLP
ahoock@Steptoe.com

Charles E. Oswald, IV
Dentons Bingham Greenebaum, LLP
chad.oswald@dentons.com